IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADY K. ARMSTRONG,

        Plaintiff,                     No. CIV S-08-0039 FCD KJM P

    vs.

SILVEA GARCIA, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Three matters are before the court.

        First, plaintiff seeks extensions of time to file oppositions to three motions to dismiss. Those requests will be granted and plaintiff will be given thirty days within which to file his oppositions. Absent extraordinary circumstances, no further extensions of time will be given. If plaintiff does not file his oppositions to the pending motions to dismiss within thirty days, the court will recommend this action be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure.

        Next, plaintiff asks that the court order officials at his prison to provide him with a typewriter. Plaintiff asserts that he cannot write due to strokes and he currently obtains help from other inmates when drafting court documents is necessary. A review of the court's file in

1

this case reveals that plaintiff has filed fourteen hand written motions or requests since June 3, 2009. See Docket Entries #40, #42, #44, #45, #53, #54, #57, # 64, #72, # 73, #77, #83, #85 and #86. Because it appears plaintiff has the ability to complete oppositions to defendants' motions to dismiss without the use of a typewriter, the court will not order prison officials to provide him with one.

Finally, plaintiff requests the appointment of counsel. United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for an extension of time are granted.

2. Plaintiff is granted thirty days within which to file oppositions to the motions to dismiss filed by defendants Young, Chandler and James on July 30, 2009 (#52); defendants Callison, McCue and Roche on December 8, 2009 (#69); and defendant Rohlfing on January 22, 2010 (#81).

/////
/////
/////
/////
/////
/////
/////

3. Plaintiff's request that the court order officials at his prison to provide him with a typewriter is denied.

4. Plaintiff's request for the appointment of counsel is denied; and

5. The Clerk of the court shall terminate all outstanding motions other than the three pending motions to dismiss.

DATED: March 16, 2010.

_____
U.S. MAGISTRATE JUDGE

1/md
arms0039.31